OPINION
PER CURIAM.
Enrique Alvarado, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (“BIA”), which dismissed his appeal from an Immigration Judge’s (“IJ”) order denying him asylum. We will deny the petition for review.
Alvarado entered the United States without inspection in 1993, and applied for asylum within one year of his entry. In 2007 he was charged with being removable for being in the United States without having been admitted or paroled. In proceedings before an IJ, Alvarado testified that he had been president of a community organization that helped poor people in Guatemala from 1989 to 1991. Alvarado began to receive death threats shortly before he left the organization, and he and the secretary of the organization were shot at during an event. Alvarado left the organization in 1991 to go into his own construction business. After some property was stolen from his business, he left for the United States.
The IJ found that he was credible, but that the incidents he recounted did not rise to the level of persecution. The IJ also found that Alvarado did not show a well-founded fear of future persecution on the basis of grounds protected by statute. The IJ denied his application for asylum, withholding of removal and protection under the Convention Against Torture (“CAT”). The BIA agreed with the IJ that the harm Alvarado described did not rise to the level of persecution, and also did not find that Alvarado’s fear of persecution based on strife associated with the past civil war in Guatemala was well-founded. The BIA dismissed the appeal.
Alvarado filed a timely, counseled petition for review. In his brief, he raises three issues: (1) the IJ erred as a matter of law in the standard used to determine that respondent was not eligible for asylum; (2) the BIA’s opinion is actually just an affirmance without opinion; and (3) the IJ ignored the U.S. Department of State Human Rights Report regarding current conditions in Guatemala. We will address the issues in turn.
We review the final order of the BIA, but to the extent that the BIA adopts parts of the IJ’s opinion, we review the IJ’s opinion to determine whether the BIA’s decision to defer to the IJ was appropriate. Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir.2005). Although Alvarado argues that the IJ used the wrong standard in making the asylum determination, the BIA reviewed the IJ’s application of law de novo. Thus, legal error on the part of the IJ, if any, is of no consequence.[1]
*675 Alvarado’s second issue is that the BIA’s decision, although “couched in such a way that it not appear to be an Affirmance Without Opinion actually constitutes such since its language is nothing more than a summary recitation of the [IJ’s] decision without any analysis of that opinion.” Petitioner’s Brief at 5. Even if the BIA had affirmed without opinion here, which it did not, we have explicitly upheld the BIA’s use of an affirmance without opinion. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir.2003) (en banc). “All that is required for our meaningful review is that the agency — as represented by an opinion of the BIA or IJ — put forth a sufficiently reasoned opinion.” Id. at 243. The BIA here cited the portions of the record it relied on and explained, albeit succinctly, its reasons for denying Alvarado relief. That is all that is required.
Lastly, Alvarado argues that the IJ ignored the U.S. Department of State Human Rights Report regarding current conditions in Guatemala. However, the first section of the IJ’s decision notes that after Alvarado submitted an amended asylum application in 2008, “that document was forwarded to the United States Department of State ... [which] responded to the Court and referred the Court to the most recent Country Reports on Human Rights Practices for Guatemala.” App. At 8. Thus, it appears that the IJ consulted the most recent reports in making his decision. Further, aside from stating that the 2007 report shows that conditions in Guatemala are “abysmal,” Alvarado does not indicate anything in the report that should have changed the IJ’s decision.[2]
For the foregoing reasons, we will deny the petition for review.

. Further, we agree with the BIA's legal conclusion that the events recounted by Alvarado do not rise to the level of persecution. Significantly, "persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.” Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir.2003) (quotations omitted). Although being shot at could constitute persecution, it appears that this was an isolated incident, Alvarado was not hurt, and he did not experience any threats or encounter any other problems once he left the community organization. Further, although his brief barely alludes to the issue of whether he would face persecution in the future, we agree with the BIA that Alvarado did not establish that he has a well-founded fear of persecution in the *675 future, given that his community involvement occurred nearly two decades ago.

. Alvarado’s brief does not mention the denial of withholding of removal or protection under the CAT. Those issues are therefore waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir.2004).